UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DANIEL YANEZ, | |
| Plaintiff, | |
| v. | CASE NO. 3:20-CV-331-MGG |
| STATE AUTO INSURANCE, | |
| Defendant. | |

**OPINION AND ORDER**

After his property was burglarized, Plaintiff Daniel Yanez filed the instant action alleging that his insurance company, Defendant State Auto Insurance, refused to compensate him for his losses in accordance with the parties' agreement. Ultimate resolution of this matter has been delayed due to Plaintiff's failure to produce certain disclosures and discovery responses in compliance with the Court's orders. Moreover, Plaintiff's noncompliance led Defendant to file a Motion for Sanctions seeking both dismissal of this action and award of its reasonable expenses pursuant to Federal Rule of Civil Procedure 37(b).

The undersigned may enter a ruling on Defendant's motion based on the parties' consent pursuant to 28 U.S.C. § 636(c) . [*See* DE 17]. For the reasons stated below, Defendant's Motion for Sanctions is **GRANTED IN PART.** [DE 29].

**I.    BACKGROUND**

On July 29, 2021, Defendant filed a Motion to Compel after Plaintiff failed to produce certain Rule 26(a)(1) initial disclosures and failed to respond to discovery that

Defendant had propounded on June 4, 2021. After Plaintiff failed to file any response to the Motion to Compel, the Court granted the motion and ordered Plaintiff to serve its initial disclosures and complete discovery responses by August 31, 2021. Plaintiff, however, failed to comply with the Court's order, leading Defendant to file the instant Motion for Sanctions on October 14, 2021.

On December 2, 2021, the Court held the first of two hearings on this motion. After this hearing, the Court took the motion under advisement pending Plaintiff's production of certain documents and information on or before December 31, 2021:

- An itemization of property stolen and specific damages, in response to Interrogatories No. 5 and 18.
- Sources of income and employers in the 18-month period preceding Plaintiff's insurance claim, in response to Interrogatory No. 19.
- Credit card statements and bank statements, in response to Request for Production No. 20.

Plaintiff later sought a two-week extension of time to comply with the Court's order, which the Court granted. Despite this extension, Plaintiff still only partially complied with the Court's order. Indeed, Defendant filed two notices with the Court advising that while Plaintiff had produced some documents and information as ordered, Plaintiff still failed to (1) identify his employers or sources of income in the 18-month period preceding Plaintiff's insurance claim, (2) produce bank statements that covered the entirety of the three-year timeframe requested, and (3) produce any credit card statements.

Based on this representation, the Court ordered Plaintiff to show cause on or before February 14, 2022. While Plaintiff timely responded to the Order to Show Cause, Plaintiff's response confirmed that certain information regarding his employers and sources of income remained outstanding. With Plaintiff's confirmation of continued noncompliance with the Court's orders, the Court set this matter for a second hearing, ordered Defendant to prepare an enumeration of its reasonable expenses caused by Plaintiff's noncompliance, and ordered the parties to meet and confer concerning a timeframe for Plaintiff's production of outstanding discovery.

The Court held this second hearing on April 19, 2022. At the hearing, the parties confirmed that Plaintiff still had not fully produced requested discovery as ordered. Defendant therefore renewed its request for dismissal and award of attorney's fees. Plaintiff, however, contended that dismissal was improper because Plaintiff had provided all documents that were currently available to him. The parties further represented that Plaintiff's deposition was scheduled to take place just two days later, on April 21. 2022. Based on this, the Court allowed Plaintiff another opportunity to comply during deposition, ordering Plaintiff to provide information and documents regarding his employers, sources of income, and credit cards when he appeared at his deposition. The parties were to file a status report on the outcome of Plaintiff's deposition on or before April 29, 2022.

The parties timely filed their status report indicating that while Plaintiff appeared for the deposition and provided some of the requested information and documents—now nearly ten months after they were originally due—there were still

deficiencies. The parties' report indicates that Plaintiff again failed to produce any additional statements from Chase bank, with Plaintiff now reporting that the bank had informed him that those statements are no longer available. Moreover, the parties report that Plaintiff confirmed at his deposition that he filed income tax returns for the years 2016, 2017, and 2018, but he did not provide copies of these returns. The parties also reported that Plaintiff identified additional bank accounts and one additional credit card that he had not previously disclosed, and he also provided copies of certain W-2 statements that identified nine different employers in the relevant period. Finally, while Plaintiff also identified an additional income source from cooking, he failed to bring any documentation regarding this income to the deposition.

The parties' status report further states that, based on the information now provided by Plaintiff at the deposition, that additional discovery will be necessary, including supplemental discovery to be propounded on Plaintiff. Defendant concludes the report by explaining that Plaintiff's noncompliance appears to be based on Plaintiff's own conduct and not that of his counsel. Indeed, Defendant reports that Plaintiff's counsel has repeatedly and diligently requested his client to produce the requested discovery. Accordingly, Defendant contends that any fees awarded because of its Motion for Sanctions should be paid by Plaintiff personally and not his counsel.

Plaintiff's failure to comply with the Court's discovery orders also resulted in the parties seeking three extensions of the case management deadlines in this action, delaying relevant deadlines by several months. [*See* DE 36, DE 48, DE 57].

**II.     ANALYSIS**

"If a party . . . fails to obey an order to provide or permit discovery . . . , the court where the action is pending may issue further just orders [including] dismissing the action or proceedings in whole or in part. . . ." Fed. R. Civ. P. 37(b)(2)(A)(v). Any sanctions imposed, however, must be proportionate to the circumstances surrounding the failure to comply with discovery. *Melendez v. Ill. Bell Tel. Co.*, 79 F.3d 661, 672 (7th Cir.1996); *Crown Life Ins. Co. v. Craig*, 995 F.2d 1376, 1382 (7th Cir.1993). To determine which sanction is appropriate, courts look to any prejudice incurred, whether the proposed sanction would cure this prejudice, and the potential disruption to trial. *Perez v. Lake Cty. Sheriff Dep't*, No. 2:18-CV-295-JTM-JEM, 2020 WL 8093318, at *1 (N.D. Ind. Sept. 4, 2020), report and recommendation adopted, No. 2:18 CV 295, 2021 WL 123184 (N.D. Ind. Jan. 13, 2021).

Dismissal pursuant to Rule 37(b)(2) is only appropriate upon a finding by a preponderance of the evidence that the disobedient party displayed "willfulness, bad faith, or fault" in its failure to comply with a discovery order. *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 781 (7th Cir. 2016). Willfulness and bad faith consider a party's subjective intent and are "characterized by conduct which is either intentional or in reckless disregard of a party's obligations to comply with a court order." *Apex Colors, Inc. v. Chemworld Int'l Ltd., Inc.*, No. 2:14-CV-273-PRC, 2018 WL 4853500, at *6 (N.D. Ind. Oct. 5, 2018) (quoting *Marrocco v. Gen. Motors*, 966 F.2d 220, 224 (7th Cir. 1992); *see also Long v. Steepro*, 213 F.3d 983, 987 (7th Cir. 2000)). Fault, on the other hand, does not concern a party's intent, but "presumes that the sanctioned party was guilty of

5

'extraordinarily poor judgment' or 'gross negligence' rather than mere 'mistake or carelessness.'" *Ramirez*, 845 F.3d at 776; *see also Langley v. Union Elec. Co.*, 107 F.3d 510, 514 (7th Cir. 1997) (stating that fault is "unconcerned with the non-complying party's subjective motivation"). Indeed, courts only impose dismissal in "extreme situations, or when other less drastic sanctions have proven unavailing." *Sun v. Board of Trustees of Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007); *see also Banco Del Atlantico, S.A. v. Woods Indus. Inc.*, 519 F.3d 350, 354 (7th Cir. 2008) (holding that dismissal "can only be employed in rare cases").

While dismissal requires a showing of willfulness, bad faith, or fault, no such showing is required for other sanctions to be imposed. Accordingly, a party's failure to comply with a court's order is a sufficient basis to impose other sanctions delineated Rule 37(b)(2)(A). *See e360 Insight, Inc. v. Spamhaus Project*, 658 F.3d 637, 642 (7th Cir. 2011); *see also Solomon v. Wardlaw Claim Serv., LLC*, No. 4:17-CV-92, 2018 WL 6722334, at *1 (N.D. Ind. Dec. 21, 2018). Rule 37(b)(2)(C) further provides that "instead of or in addition to" the sanctions delineated in Rule 37(b)(2)(A), the court may order the disobedient party, the party's attorney, or both, to pay the opposing party's reasonable expenses caused by disobedient party's failure to comply

There is no dispute that Plaintiff failed to respond to Defendant's discovery within the timeframe delineated by Federal Rule of Civil Procedure 34 or by the August 31, 2021, deadline set by the Court when granting Defendant's Motion to Compel. [*See* DE 23]. Plaintiff then failed to comply with the Court's extended deadline of January 14, 2022. [*See* DE 39, DE 42]. Plaintiff again failed to comply even after the parties met and

6

conferred regarding production of the documents [DE 46]. Although Plaintiff provided some information and documents at his deposition, the parties represent additional outstanding deficiencies. [*See* DE 54]. Accordingly, based on Plaintiff's pattern of noncompliance with the Court's discovery orders, the Court finds that Defendant's Motion for Sanctions should be granted.

Here, Defendant seeks dismissal and payment of its reasonable expenses, including attorney fees. Therefore, the Court must determine which sanction is appropriate.

**A.     Dismissal**

Rule 37 has been construed to authorize dismissal when a plaintiff's failure to comply with discovery orders was due to willfulness, bad faith, or fault. *See Ramirez*, 845 F.3d at 776. Willfulness and bad faith both require an intentional or reckless disregard of the Court's order. *Apex Colors, Inc.*, 2018 WL 4853500, at *6. Here, Defendant has not specifically alleged that Plaintiff's noncompliance was due to bad faith or willfulness. Moreover, while the record before the Court shows a pattern of noncompliance, it does not support a finding of willfulness or bad faith. Indeed, while Defendant has contended that the personal property loss alleged by Plaintiff in this action exceeded the information that Plaintiff presented in his bankruptcy proceedings, Defendant stated this to explain the relevance of the requested discovery rather to show willfulness or bad faith regarding Plaintiff's current noncompliance with discovery. Without more, the Court cannot find such intent on the part of Plaintiff.

7

Fault, on the other hand, does not to look to a party's subject intent, but concerns whether a party displayed "extraordinarily poor judgment" or "gross negligence" in its failure to comply. *Id.* (internal citations omitted). Here, while Plaintiff's pattern of noncompliance with multiple deadlines set by the Court certainly shows carelessness, the facts in the record do not show extraordinarily poor judgment or gross negligence. Indeed, Plaintiff, through his counsel, has acknowledged his numerous missteps in producing the requested discovery as well as the resulting delay it has caused. The record shows attempts to come into compliance over the course of these proceedings. Plaintiff also provided a portion of the requested information and documents during his deposition on April 21, 2022.

Accordingly, while Plaintiff's deficiencies show inattention or even carelessness, the record does not support a finding of fault or any specific intent to not comply by Plaintiff.

Other courts in this district have found that the sanction of dismissal was not appropriate when considering similar circumstances of delay and continued deficiencies. For example, in *Wilson v. Lake Cty. Sheriff's Dept*, the plaintiff belatedly filed deficient discovery responses and then failed to timely to supplement his responses after ordered by the Court to do so. No. 2: 18-CV-461-JTM-JEM, 2020 WL 4938650, at *2 (N.D. Ind. July 27, 2020), *report and recommendation adopted,* No. 2:18 CV 461, 2020 WL 4938328 (N.D. Ind. Aug. 24, 2020). Moreover, like Plaintiff here, the *Wilson* plaintiff did eventually update his responses and produce certain records—nearly a year after they were originally due—with the defendants still reporting deficiencies akin to Defendant

8

here. *Id.* Despite this delay and purported remaining deficiencies, the court found that the "last resort" of dismissal was not yet appropriate due to the limited amount of discovery involved, the plaintiff's efforts to supplement discovery, and the plaintiff's recent production of certain records. *Id.*

Likewise, the plaintiff *McKee v. Wal-Mart Stores E. LP* failed to produce certain discovery for several months, prompting a motion to compel. No. 115CV000358RLSLC, 2017 WL 1483402, at *3 (N.D. Ind. Mar. 22, 2017), *report and recommendation adopted*, No. 1:15-CV-358, 2017 WL 1476241 (N.D. Ind. Apr. 24, 2017). The court granted the motion to compel after plaintiff failed to respond and ordered plaintiff to produce the outstanding discovery. The plaintiff, however, failed to do so, but was ultimately provided another extended deadline. Although the plaintiff provided responses by this later deadline—which was eight months after its original deadline—the defendants contended that this production was still deficient. Despite the delay and remaining deficiencies, the *McKee* court also found that the "draconian sanction of dismissal" was not yet warranted due to the plaintiff's attempts to comply. *Id.*

Accordingly, as the record before the court does not support a finding of willfulness, bad faith, or fault, and consistent with other courts considering similar discovery deficiencies, the Court finds that dismissal is not yet a proportionate sanction to impose under Rule 37(b).

However, Plaintiff is explicitly **WARNED** that any additional discovery deficiencies may result in further sanctions, including dismissal. *See McKee*, 2017 WL 1483402, at *3.

9

### B. Reasonable Expenses

Defendant also seeks an award of its reasonable expenses, including attorney's fees, that it incurred due to Plaintiff's failure to comply. Payment of reasonable expenses may be ordered "[i]nstead of or in addition to" any sanctions ordered under Rule 37(b)(2)(A). *See* Fed.R.Civ.P. 37(b)(2)(C). As sanctions other than dismissal do not require a showing of willfulness, bad faith, or fault, failure to comply with a court's order is enough to order a disobedient party to pay the reasonable expenses incurred as a result of the failure. *Solomon*, 2018 WL 6722334, at *1.

Here, Plaintiff's failure to comply with the Court's discovery orders resulted in three extensions of the case management deadlines in this action and several months of delay. Moreover, Plaintiff's noncompliance resulted in Defendant expending over $4,000 in attorney fees so far. [*See* DE 50]. While dismissal is not yet appropriate, the Court finds that ordering payment of Defendant's reasonable expenses incurred in bringing the instant motion is an appropriate sanction to alleviate some of the prejudice incurred by Defendant. *Perez*, 2020 WL 8093318, at *1.

Moreover, this is consistent with other courts in this district considering similar circumstances. *See GJMS, LLC v. Hamstra Builders, Inc.*, No. 2:18-CV-135-JTM-JEM, 2019 WL 7763994, at *3 (N.D. Ind. Oct. 29, 2019), report and recommendation adopted, No. 2:18 CV 135, 2020 WL 474846 (N.D. Ind. Jan. 29, 2020) (finding payment of expenses appropriate when the primary impact of conduct was delay and resources expended by the parties and the court); *see also Solomon*, 2018 WL 6722334, at *3 (ordering payment of expenses after plaintiff failed to comply with two of the court's discovery orders);

10

*McKee,* 2017 WL 1483402, at *3 (declining to recommend dismissal but finding an award of expenses to be appropriate).

Finally, the Court must now consider who will be ordered to pay an award of Defendant's reasonable expenses. The Court must order either the disobedient party, that party's attorney, or both to make such payment. Fed. R. Civ. P. 37(b)(2)(C). Moreover, the Court must not order such payment if the "failure was substantially justified or other circumstances make an award unjust." *Id.* On this point, the Court acknowledges the parties' statements regarding the efforts of Plaintiff's counsel to obtain Plaintiff's full compliance. Plaintiff's counsel reports that he has repeatedly worked with his client to obtain the requested discovery. Indeed, Defendant's counsel has affirmed Plaintiff's counsel's representations and has even specifically requested that any fees awarded be paid by Plaintiff personally and not his counsel. [*See* DE 55 at 3, ¶¶ 7-8]. Based on the parties' representations, the Court finds that an ordering Plaintiff's counsel to pay an award of expenses would be unjust.

On the other hand, the record currently before the Court reveals no such substantial justification or unjust circumstances on the part of Plaintiff himself. However, as this alternative was not adequately addressed in the parties' briefs, the Court will afford Plaintiff with an opportunity to be heard on the issue of substantial justification or other just cause. Plaintiff Daniel Yanez is therefore **ORDERED** to file a brief no later than **June 3, 2022**, addressing the question of whether his failure to comply with the Court's discovery orders was substantially justified or if other

11

circumstances make an award of Defendant's expenses unjust under Fed. R. Civ. P. 37(b)(2)(C).

### III. CONCLUSION

Based on the foregoing, Defendant's Motion for Sanctions is **GRANTED IN PART.** [DE 29]. Plaintiff Daniel Yanez is **ORDERED** to file a brief, addressing the question of whether his failure to comply with the Court's discovery orders was substantially justified or if other circumstances make an award of expenses unjust by **June 3, 2022.** Moreover, Plaintiff is explicitly **WARNED** that further noncompliance may result in further sanctions, up to and including dismissal of this action.

The Clerk is **DIRECTED** to mail a copy of this order to Plaintiff Daniel Yanez, 1122 West 8th Street, Michigan City, Indiana 46230.

**SO ORDERED** this 11th day of May 2022.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge