IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DANIEL YANEZ | ) Case No. 3:20-cv-00331-RLM-MGG |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY | ) |
| | ) |
| Defendant. | ) |

# STATUS OF COUNSEL AND BRIEF

The Plaintiff, Daniel Yanez, by and through counsel, in accordance with this Court's Order of May 3rd, 2022 [DE 57] and Order of May 11, 2022 [DE 58] submits this Status of Counsel and Brief and states as follows:

A. Status of Counsel

Pursuant to this Court's Order of May 3rd, 2022 [DE 57] Attorney Mark Woodcox's Motion to Withdraw [DE 51] was taken under advisement and plaintiff was given until June 3rd, 2022, to obtain new counsel.  Plaintiff, Daniel Yanez, has attempted to secure new counsel in this matter with no success.  After further discussion with Plaintiff, Daniel Yanez, present counsel has agreed to remain counsel of record.

B. Plaintiff's Response to Award of Attorney Fees

According to Defendant's counsel, there have been three (3) items of discovery counsel has argued has not been provided.  The first item was a list of specific damages, in response to Interrogatories No. 5 and 18.  Secondly, sources of income and employers in the 18-month

period preceding Plaintiff's insurance claim, in response to Interrogatory No. 19. Finally, credit card statements and bank statements, in response to Request for Production No. 20.

1. Specific Damages

Prior to the commencement of litigation Plaintiff, using forms provided by Defendant State Auto, provide a list of items with approximate values to State Auto. After the litigation commenced, these same forms were provided to Defendant's counsel in response to their request. After it was argued that the forms did not comply with the request Plaintiffs counsel then provided the same information in a more organized manner.

2. Sources of Income and employers.

Plaintiff has had numerous employers and sources of income through side jobs and jobs for a short period of time with little or no documentation. However, in Plaintiff's deposition on April 21, 2022, through questioning by defense counsel. Plaintiff was able to recall a timeline of employment and provide the requested information. Plaintiff did not engage in any way to deceive or hide any information.

3. Credit card and bank statements.

Plaintiff has provided all statements available to him. He was informed by the bank in question that no further statements are available and therefore sanctioning plaintiff for an impossible task would be unjust.

C. Summary

Defendant, by counsel, has submitted a request for an award of attorney fees. The amount requested is based on discovery costs incurred while defending this matter. It would be unjust to require Plaintiff to bear the cost of discovery incurred by Defendant. Plaintiff works out of state at a remote job site which makes it difficult to provide or obtain information from

sources requiring an in person visit.  There is no evidence of willfulness, bad faith or intentional conduct by Mr. Yanez.  The actions by Mr. Yanez would not even rise to the level of gross negligence but at best a mere mistake or carelessness on how he handled these discovery responses however, as discussed above, some of the requests were impossible to obtain and Plaintiff should not be held to account for what he cannot obtain.

Plaintiff requests this honorable court to deny an award of attorney fees or substantially reduce the amount recovered to only the amount not normally incurred during the course of litigation.

Respectfully Submitted


*/s/ Mark Woodcox*_____
MARK WOODCOX/27656-71
Law Office of Mark Woodcox
401 Washington Street, Suite A
Michigan City, In 46360
(219) 872-5564 Telephone
(219) 872-5565 Fax
Attorney for Plaintiff