IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DANIEL YANEZ ) | Case No. 3:20-cv-00331-RLM-MGG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| STATE AUTO PROPERTY AND CASUALTY ) | |
| INSURANCE COMPANY ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S STATUS OF COUNSEL AND BRIEF**

Defendant, State Auto Property and Casualty Insurance Company ("State Auto"), by and through its attorneys, HEPLERBROOM LLC, submits this Response to Plaintiff's Status of Counsel and Brief [DE 58] and states as follows:

**I.   Facts and Procedural History**

On July 29, 2021, Defendant filed its Motion to Compel, seeking, in part, Answers to Defendant's Interrogatories and Responses to Defendant's Requests for Production, which were served on June 4, 2021. [DE 20; DE 22 at 2]. On August 17, 2021, this Court ordered Plaintiff to "serve its rule 26(a)(1) initial disclosures and complete responses to Defendant's July 2021 discovery requests on or before August 31, 2021." [DE 23]. On October 14, 2021, State Auto filed its Motion for Sanctions identifying that Plaintiff had failed to serve complete responses to Defendant's discovery requests and had failed to timely produce complete Rule 26(a)(1) disclosures in violation of the Court's Order. [DE 30]. This Court held hearings on Defendant's Motion for Sanctions on December 2, 2021 and April 19, 2022. [DE 29; DE 54]. Following the April 19, 2022 hearing, the Court once again ordered Plaintiff to comply with its prior Orders, by

1

providing information and documents regarding his employers, sources of income and credit cards at his deposition, which was scheduled for April 21, 2022. [DE 54].

Following Plaintiff's deposition on April 21, 2022, and pursuant to this Court's Order of April 19, 2022, the parties filed a Joint Status Report, informing the Court that Plaintiff, at his deposition: (1) identified additional bank accounts not previously disclosed to Defendant, including accounts at Carpenters Credit Union and People's Bank (neither of which institutions were previously identified in Plaintiff's responses to written discovery or in any filing with the Court); (2) identified one credit card not previously disclosed in discovery; (3) acknowledged that he filed tax returns for the years 2016-2018 but failed to produce the same; and (4) identified a book, utilized to document income received from cooking and meal preparation. [DE 55 at 2]. Plaintiff did not produce any documents at his deposition, relative to any of the above categories. The only documents Plaintiff produced were W-2's for the various entities identified in the parties April 29, 2022 Joint Status Report. [DE 55 at 2].

On May 11, 2022, this Court entered an Opinion and Order, granting in part Defendant's Motion for Sanctions and Ordering Plaintiff to file a brief no later than June 3, 2022, as to whether his failure to comply with the Court's several Orders was substantially justified or if other circumstances would make an award of Defendant's expenses unjust under Fed. R. Civ. P. 37(b)(2)(C). [DE 58 at 11-12]. On June 3, 2022, Plaintiff filed his Status and of Counsel and Brief ("Brief"). [DE 59].

## II.  Argument

Plaintiff's Brief makes certain mischaracterizations of the record, which Defendant seeks to cure.

2

First, Plaintiff states:

> Plaintiff has had numerous employers and sources of income through side jobs and jobs for a short period of time with little or no documentation. However, in Plaintiff's deposition on April 21, 2022, through questioning by defense counsel[,] Plaintiff was able to recall a timeline of employment and provide the requested information. Plaintiff did not engage in any way to deceive or hide any information.

[DE 59 at 2]. Plaintiff, however, failed to produce any documentation in support of his income received from cooking or meal preparation, despite testifying that he maintained a book for the same, and that his unreported income exceeded $25,000.00 per year. [Exhibit A at 16:8-19:19].

Second, Plaintiff's Brief fails to note that he produced select records from one bank (Chase), but he held accounts at two others (Peoples and Carpenters Credit Union), for which no documents were produced. [Exhibit A at 125:1-130:4]. Plaintiff's previously produced Chase records further identified other accounts, which he could not explain. [Exhibit A at 127:22-130:4].

Third, Plaintiff's Brief fails to note that he undertook no effort to produce his credit card statements. When asked about his Kohls card at his deposition, Plaintiff stated that he had forgotten the same. [Exhibit A at 121:24-122:22]. Plaintiff did not identify any other credit cards during the time period contemplated by Defendant's discovery requests or this Court's Orders, at his deposition or otherwise.

Lastly, Plaintiff's Brief mischaracterizes Defendant's Affidavit of Attorney Fees as "discovery costs incurred while defending this matter." [DE 59 at p 2]. Defendant's fees, as documented in its Affidavit of Attorney Fees [DE 50] and Statement of Attorneys' Fees [DE 50-1] are incurred as a result of Defendant's Motion for Sanctions, which was necessitated by Plaintiff's repeated and continuous failure to answer written discovery, for which Defendant has continued to incur fees in order to obtain the information and documents to which it is entitled as a matter of law. To that end, Plaintiff's deposition on April 21, 2022 was 321 days after Defendant first served

3

its written discovery requests, which to date, Plaintiff has failed to answer fully, as noted in the particulars above. To that end, Defendant does not seek to "require Plaintiff to bear the cost of discovery incurred by Defendant," but rather to compensate it for the necessary motion practice and delays occasioned by Plaintiff's repeated inaction. [DE 59 at p 2]. Plaintiff has enjoyed multiple opportunities to obtain the required information and documents, but has failed to do so. Even if, as Plaintiff claims, certain documents are no longer available, Defendant should not be learning of the same 321 days after its requests were initially served. Plaintiff's argument that, "The actions by Mr. Yanez would not even rise to the level of gross negligence but at best a mere carelessness on how he handled these discovery responses," is not well-taken, in light of his repeated failure to seek out documents to which he had access. [Exhibit A at 15:17-16:3, 121:1-8, 121:24-125:21]. Plaintiff's continuing failure to cooperate in discovery has demonstrated a "pattern of noncompliance," which has resulted in prejudice to Defendant, and for which Plaintiff should be held to bear.

**III.   Conclusion**

Based on the foregoing, Defendant respectfully requests this Court enter an Order: awarding it the full amount of its attorneys' fees, as evidenced by its Statement of Attorneys' Fees Re: Motion for Sanctions [DE 50-1]; awarding Defendant its reasonable attorney fees incurred subsequent the April 19, 2022 hearing as a direct result of Plaintiff's continuing failure to cooperate in discovery or abide by this Court's Orders; and for any and all other relief this Honorable Court deems just and appropriate.

Respectfully Submitted,

/s/ Andrew B. Symns
Justin Curtis (28517-45)
Andrew B. Symns (35471-45)
HeplerBroom, LLC
2929 Carson Drive, Suite 304
Hammond, IN 46323
Telephone: 219-427-5562
Justin.curtis@heplerbroom.com
Andrew.symns@heplerbroom.com
Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

      The undersigned, an attorney of record, states that he caused to have electronically filed with the Clerk of the Court, ***Defendant's Response to Plaintiff's Status of Counsel and Brief,*** and caused the same to be served on all attorneys of record via CM/ECF on June 7, 2022.

      By:    /s/*Andrew B. Symns*
                One of its Attorneys